UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHARLES WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-127 SNLJ |
| | ) | |
| CARTER COUNTY CIRCUIT COURT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Michael Charles Walsh, a former inmate at Wayne County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, Michael Charles Walsh, filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Carter County Circuit Court on September 9, 2021.

Plaintiff claims that he was traveling through the City of Ellsinore, Missouri, on May 8, 2021, in a 2003 Nissan Xterra when Ellsinore Police Officer Nick Bratton pulled him over and conducted a traffic stop. Plaintiff complains that "no emergency existed" such that he should have pulled over by Officer Bratton. Rather, Officer Bratton came to the door of his vehicle and began asking plaintiff, "a man," questions. Plaintiff states that Officer Bratton "attempted to force i. man. into giving him tacit agreement that i. man. was a citizen, a person, or a resident." Plaintiff asserts,

2

however, that he is neither a citizen nor a resident, nor does he possess a driver's license, when "traveling in a private non-commercial manner."

Plaintiff claims that Officer Bratton handed him an envelope which contained a "security instrument disguised as a uniform citation" titled "Failure to Register Annually." Plaintiff asserts:

> i, man, did not agree to this security being written, and I, man, did not agree to contract with the city of Ellsinore through Bratton, that I, man, did not agree to stand as surety for this fraudulently written instrument and i, man, did not autograph this security confirming agreement to take care of this security.

Plaintiff claims that he attempted to mail the security back to the Carter County Circuit Court on June 2, 2021, but it was recorded on the Court's docket as correspondence rather than as a "settlement and closure." Thus, on June 8, 2021, "under fear of being abducted and held in captivity," plaintiff presented himself to Carter County Circuit Court in front of the Honorable Judge Stephen F. Lynxwiler and attempted to tell the judge that he was not operating a motor vehicle in a commercial capacity and did not own the Nissan Xterra,[1] and the security was written for MICHAEL C.A. WALSH and he did not have such a title because he was merely a man. Plaintiff states that he also made a counterclaim against the City of Ellsinore for trespass against i, man, as Officer Bratton had illegally detained him.

Plaintiff complains that a not guilty plea was illegally entered on his behalf, and that a bench trial was ordered despite his request for a jury trial. He asserts that the Carter County Circuit Court has ceased operating in a judicial capacity and now operates in a for-profit capacity, as his time was wasted, and he was subjected to a frivolous proceeding. He states that he filed a motion objecting to the Carter County Court's jurisdiction on August 23, 2021, as well as a writ of error coram nobis.

---

[1] Plaintiff claims that the Nissan Xterra belongs to the House of Walsh Trust.

Plaintiff asserts that on June 17, 2021 he filed a notice of appeal, however, the clerk refused to forward the notice of appeal to the Missouri Court of Appeals, denying him due process of law.

Plaintiff seeks one million dollars in damages in this lawsuit, as well as this Court to intervene in the Carter County Court action. Plaintiff states that the matter is set for trial on September 14, 2021.

## State Court Proceedings

A review of Missouri.Case.Net reveals the following information as to plaintiff's state court history relative to the instant proceedings.

Plaintiff was pulled over by Officer Bratton on May 8, 2021 going east on U.S. 60/CR 256 at approximately 11:49. Plaintiff was driving a green 2003 Nissan Xterra, and he was given a ticket by Officer Bratton for "failing to register annually." The Court date on the ticket was June 8, 2021. *See Ellsinore v. Walsh*, No. 191088178 (Ellsinore Municipal Court).

Plaintiff appeared in Court on June 8, 2021 and entered a plea of not guilty. The matter was set for bench trial on July 27, 2021. *Id.* Between June 8, 2021 and today's date, plaintiff has filed eighteen (18) filings with the municipal court, including: four (4) correspondence; a notice of appeal (without a ruling by the municipal court); a motion for continuance; seven (7) "notices" relative to plaintiff's interpretation of the law; and two (2) "requests."

Plaintiff's correspondence filed with the Court on June 2, 2021, which he refers to as "security" in his complaint, is a copy of his ticket issued by Officer Bratton. The signature line of the ticket indicates that plaintiff marked "Refused UCC – 1-308." On the line a defendant may sign and send back to the Court for a plea of guilty, plaintiff placed his thumbprint and wrote, "Without dishonor. No agreement of the parties. By Michael Walsh. Without Recourse."

4

On September 14, 2021, the municipal court moved the bench trial to December 14, 2021. *Id.*

## Discussion

Plaintiff asserts that the Carter County Circuit Court has ceased operating in a judicial capacity and now operates in a for-profit capacity, as his time was wasted, and he was subjected to a frivolous proceeding. He states that he filed a motion objecting to the Carter County Court's jurisdiction on August 23, 2021, as well as a writ of error coram nobis. Plaintiff appears to be asserting that his due process rights were violated by Carter County Circuit Court.

The complaint is subject to dismissal. Plaintiff's claims against the Carter County Circuit Court are legally frivolous because the Circuit Court cannot legally be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Even if plaintiff had named Carter County as the defendant in this action, his claims would still be subject to dismissal.

A local governing body such as Carter County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Carter County.

First, plaintiff can show that Carter County had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against Carter County by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a

6

"pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He has failed to articulate any unconstitutional policy or custom allegedly implemented by the Carter County Circuit Court. He also fails to present any facts indicating that Carter County failed to train its employees. Instead, plaintiff's complaint focuses on his complaints about his failure to get the result he desires from the municipal court in Ellsinore, Missouri.

As such, plaintiff's official capacity claims against the Carter County Circuit Court must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _13th_ day of October, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE